Liang v. Sessions

BIA
Laforest, IJ
A205 235 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand seventeen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>             *Circuit Judges.*

_____

ZHOU HUI LIANG,
>        *Petitioner,*

>        v.                                    15-2868
>                                              NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,*
>        *Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Terri J.
                         Scadron, Assistant Director; Wendy

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions, III, is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhou Hui Liang, a native and citizen of the People's Republic of China, seeks review of an August 27, 2015, decision of the BIA, affirming a December 3, 2014, decision of an Immigration Judge ("IJ") denying Liang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhou Hui Liang,* No. A205 235 719 (B.I.A. Aug. 27, 2015), *aff'g* No. A205 235 719 (Immig. Ct. N.Y. City Dec. 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may base a credibility determination on inconsistencies in an applicant's testimony and among his testimony, prior statements, and supporting evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the adverse credibility determination rests on substantial evidence.

The agency reasonably relied on an inconsistency concerning the date of Liang's arrest, an event central to his claim of past persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that an inconsistency material to the alleged persecution that is the basis of a claim is substantial evidence). Liang testified that he was arrested on June 3, 2011, during a church service. When prompted by his attorney, Liang changed the date to March 6, 2011, explaining that he was "very nervous." The IJ reasonably rejected this explanation, noting the difference in seasons between March and June and concluding that "[i]nverting

3

the month and day is more likely to be an error committed by someone who has memorized a statement." *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 77, 76 (2d Cir. 2004))). Nor would the agency be compelled to accept Liang's current explanation that he ultimately gave the date consistent with his application, as it does not account for the initial inconsistent testimony. *Id*.

The agency also reasonably relied on inconsistencies between Liang's testimony and evidence concerning his church attendance in the United States. Liang's testimony that he attended church "once a week or once every two weeks" clearly conflicted with a letter from his church that he attended only 16 times between April 2012 and November 2014. The IJ was not compelled to accept Liang's response that he sometimes forgot to sign in when he arrived late, as it did not account for the substantial discrepancy between the 16 times stated in the church's letter and the 60 to 120 times to which he testified. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007)

4

("[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). Moreover, as the IJ pointed out, this inconsistency was particularly troubling because the church's letter reflected that Liang attended church less frequently following his baptism in April 2012, calling into question the sincerity of his religious beliefs.

Liang's credibility concerning his church attendance in the United States was further undermined by his lack of recall of a sermon he heard two days before he testified. Liang's argument, that his ability to name the pastor of the church renders his testimony credible, is not compelling because it does not actually explain his failure to testify to any detail regarding the sermon. *See Majidi*, 430 F.3d at 80.

Having questioned Liang's credibility, the agency did not err in concluding that Liang's corroborating evidence was insufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). "We defer to the

5

agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). The agency reasonably accorded diminished weight to letters from Liang's mother and church friend. The letters were unsworn, prepared for the purpose of litigation and from interested parties not subject to cross examination. *See Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency may give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Liang argues that the agency erred in relying on a purported inconsistency concerning his father's profession. Liang's application and testimony reported that his father was a fisherman, but his household registration booklet listed his father's profession as a "farmer." On appeal to the BIA, Liang submitted evidence that fishing is a type of farming. Even assuming that the agency erred in relying on this inconsistency, the error is not fatal because the totality of the circumstances outlined above nonetheless supports the adverse credibility determination. *See Lianping Li v. Lynch*, No. 15-219, 2016 WL 5799651, at *3 (2d Cir. Oct. 5, 2016); *Siewe v. Gonzales*, 480

6

F.3d 160, 166-67 (2d Cir. 2007). Given the multiple inconsistencies related to the bases of the claims and the lack of reliable corroborating evidence, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The credibility ruling is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7